**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO: 1:23-cv-20433**

CHRISTOPHER GOLEBIOWSKI,

    Plaintiff,

v.

ZOETOP BUSINESS CO., LIMITED, a Hong Kong limited company and SHEIN DISTRIBUTION CORP., a Delaware corporation,

    Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff CHRISTOPHER GOLEBIOWSKI, by and through his undersigned counsel, brings this Complaint against Defendants ZOETOP BUSINESS CO., LIMITED and SHEIN DISTRIBUTION CORP. for damages and injunctive relief, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

2. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

3. Defendants are subject to personal jurisdiction in Florida.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff CHRISTOPHER GOLEBIOWSKI ("Golebiowski") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute GOLEBIOWSKI's original copyrighted Work of authorship.

6. Golebiowski is a Swedish artist who makes a living from his artwork. Golebiowski uses bright, contrasting colors in his drawings, capturing the hearts and attention of everyone who comes across his artwork. His designs are sold on apparel such as t-shirts and sweatshirts. Golebiowski retains all copyrights to his artworks and licenses his Works for commercial use.

7. Defendant ZOETOP BUSINESS CO., LIMITED is a Chinese limited Company with its principal place of business in Hong Kong S.A.R. that is doing business with the state of Florida.

8. Defendant SHEIN DISTRIBUTION CORP. is a Delaware corporation that is doing business with the State of Florida.

9. Defendants both do business in the U.S. as "Shein." Shein is known as the largest and fastest growing "fast fashion giant" retailers in the world.

10. Shein was founded in 2008 and became successful for offering and distributing products at extremely low prices, and for rapidly producing products meeting the latest trends.

11. Shein was incorporated in 2021 in Delaware. Shein has quadrupled its revenue over the past three years reaching $15.7 billion dollars in sales and is seeking a $100 billion dollars in valuation of its company. That is, Defendant profits by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others. Shein reportedly adds over 1,000 new styles to its website every single day.

12. Shein's success is largely attributed to its tech-driven approach, using artificial intelligence software that plugs trending styles from social media and across the internet directly into its computers on the factory floor.

13. At all times relevant herein, Defendants owned and operated the internet website in the U.S. located at the URL www.shein.com (the "Website").

14. Defendants committed the violations alleged in connection with Shein's business for purposes of advertising and promoting sales to the public in the course and scope of the Shein's business.

## THE COPYRIGHTED WORK AT ISSUE

15. In 2008, Golebiowski created the work known as "Funkalicious." This work is shown below and referred to herein as the "Work."



16. The Work was registered with the Register of Copyrights on November 16, 2022 and was assigned registration number VA 2-329-711. The Certificate of Registration is attached hereto as **Exhibit 1.**

17. Golebiowski's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

18. At all relevant times, Golebiowski was the owner of the Work at issue in this case.

## INFRINGEMENT BY DEFENDANTS

19. Defendants have never been licensed to use the Work at issue in this action for any purpose.

20. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

21. On or about July 1, 2022, Golebiowski discovered the unauthorized use of his Work on the Website.

22. Defendants copied the Work without Golebiowski's permission.

23. After Defendants copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its fast fashion business.

24. Defendants copied and Golebiowski's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

25. Golebiowski's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

26. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2.**

27. Golebiowski never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

28. Golebiowski notified Defendants of the allegations set forth herein on October 30, 2022. To date, Defendants have failed to resolve the parties' dispute.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

29. GOLEBIOWSKI incorporates the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth therein.

30. GOLEBIOWSKI owns a valid copyright in the Work at issue in this case.

31. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

32. Defendants performed the acts alleged in the course and scope of its business activities.

33. Defendants' acts were willful.

34. GOLEBIOWSKI has been damaged.

35. The harm caused to GOLEBIOWSKI has been irreparable.

WHEREFORE, the Plaintiff CHRISTOPHER GOLEBIOWSKI prays for judgment against the Defendants that:

   a. Defendants and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

  b. Defendants be required to pay Plaintiff his actual damages and SHEIN's profits attributable to the infringement;

  c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

  d. Plaintiff be awarded pre- and post-judgment interest; and

  e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 2, 2023    Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar No: 98220
joel.rothman@sriplaw.com
LAYLA T. NGUYEN
Florida Bar No.: 1024723
Layla.nguyen@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff CHRISTOPHER GOLEBIOWSKI*